# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFT A. Z. DIVINE ALLAH, | CASE NO. 1:06-cv-01262-OWW-GSA PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 36) |
| Defendants. | |

I. Screening of Amended Complaint

Plaintiff Gift A. Z. Divine Allah ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 14, 2006. On January 16, 2007, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on June 7, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II.   Plaintiff's Claims

Plaintiff is currently housed at Sierra Conservation Center. The events at issue in this action allegedly occurred at California Substance Abuse Treatment Facility and State Prison-Corcoran, Wasco State Prison, and Avenal State Prison.

   A.   Retaliation Claim

Plaintiff alleges that defendants Hall and Gomez threatened him with the issuance of CDC-115s (Serious Rules Violation Reports) when he refused to withdraw a citizen's complaint he filed against a staff member. (Doc. 36, Amend. Comp., Court Record pgs. 3 & 4.) Plaintiff alleges that defendants wrote an informational chrono (CDC-128-B) warning him that any further conflict with staff would result in a CDC-115. ( Id.)

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

2

1  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance
2  a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Adverse
3  action is action that "would chill a person of ordinary firmness" from engaging in that activity.
4  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214,
5  1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007); see also Thomas
6  v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir.
7  2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005);
8  Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.
9  2001).

While filing a complaint against staff is a protected activity, neither the issuance of an informational chrono warning plaintiff that further conflict with staff would result in a rules violation nor the mere threat that a rules violation would be issued rises to the level of action sufficiently adverse to support a claim for a constitutional violation. See Rhodes, 408 F.3d 559 at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison). Plaintiff fails to state a cognizable retaliation claim.

B.  Medical Care Claims

Plaintiff alleges that he suffers from seizures and undergoes frequent blood testing to monitor the level of Dilantin in his system. After a series of tests were ordered following the discovery that plaintiff's liver levels were elevated, plaintiff tested positive for hepatitis C. Plaintiff alleges that he was not given care or counseling, and upon his release from custody, he infected his partner

through unprotected sex.  Plaintiff alleges that he requested the results of the blood test a number of times, and that he was transported to the Central Treatment Center on an invalid psych hold in order to harass him.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983 for violation of the Eighth Amendment with respect to plaintiff's medical issues.  The failure to advise plaintiff of his test results and/or counsel him about the ramifications of his result, without more, do not support a claim of deliberate indifference.  Further, the initiation of a psych hold, without more, does not support an Eighth Amendment claim, even if the hold was allegedly invalid and for the purpose of harassing plaintiff.

///

C.  Other Claims and Failure to Comply with Rule 8

Plaintiff's amended complaint sets forth three different "claims," as identified by the use of page three of the court's form complaint three times. The form complaint page is accompanied by additional attached sheets for each of the three claims. While the court has identified and addressed what appear to be the two main types of claims, plaintiff confuses the record by including random references to other events and wrongs against him. It is not clear which facts are intended to be informational background facts and which are intended to support independent legal claims. This is not an acceptable form of pleading.

"Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz, 534 U.S. at 511-12 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

The court does not bear the burden of sifting through plaintiff's multitudinous, rambling, disjointed facts and extracting all the possible legal claims. It is plaintiff's responsibility to 1) separately enumerate his distinct claims, 2) clearly identify the defendants in each claim, and 3) set forth, briefly but clearly, what the defendants did that plaintiff believes violated his constitutional rights.

Because plaintiff has added new facts in his amended complaint, the court will provide him with one final opportunity to amend. However, the court notes that plaintiff included, in part, facts regarding events which occurred after this suit was filed. Plaintiff may not pursue any claims in this action which accrued after this action was filed. To allow plaintiff to do so would thwart the mandate of 42 U.S.C. § 1997e(a), which requires that claim exhaustion occur prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). In light of section 1997e(a), plaintiff may not include in his second amended complaint

5

claims that arose after this suit was filed. Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000) (In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict."); see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Plaintiff may file a new suit if he wishes to pursue claims that accrued after this suit was filed.

### III.   Conclusion and Order

Plaintiff's amended complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with one final opportunity to amend. Plaintiff's second amended complaint must comply with Rule 8, and plaintiff may not allege any claims based on events which occurred after the filing of this suit on September 14, 2006. Also, plaintiff may not alter the nature of this action by alleging wholly different claims based on different events.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2.   The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a second amended complaint which complied with this order;

4. If plaintiff fails to file a second amended complaint, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

5. If plaintiff files a second amended complaint which does not comply with the mandates of this order, appropriate sanctions will be imposed, up to and including dismissal of this action.

IT IS SO ORDERED.

**Dated:** **February 26, 2008**         **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE