# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GIFT A. Z. DIVINE ALLAH,

                Plaintiff,

    v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

                Defendants.

_____/

CASE NO. 1:06-cv-01262-OWW-GSA PC

FINDING AND RECOMMENDATION
RECOMMENDING DISMISSAL OF ACTION,
WITH PREJUDICE, FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF
MAY BE GRANTED

(Doc. 53)

OBJECTION DUE WITHIN THIRTY DAYS

**Finding and Recommendation Following Screening of Second Amended Complaint**

## I.    Procedural History

       Plaintiff Gift A. Z. Divine Allah ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 14, 2006. On January 16, 2007, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Plaintiff filed an amended complaint on June 7, 2007, and on February 27, 2008, the Court again dismissed the complaint for failure to state any claims upon which relief may be granted. Now pending before the Court is Plaintiff's second amended complaint, filed on April 21, 2008.

## II.    Screening Requirement

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.   <u>Plaintiff's Claims</u>**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id.</u>

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See <u>Monell v.</u>

<u>Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

Plaintiff's statement of claim contains no factual allegations linking acts or omissions of the named defendants to any violations of Plaintiff's rights under federal law.  Accordingly, the second amended complaint does not state any claims for relief.

**IV.   Conclusion and Recommendation**

Plaintiff has twice been provided with the applicable legal standards, advised of the deficiencies in his pleading, and provided with the opportunity to amend.  However, Plaintiff's second amended complaint still suffers from the same deficiencies of failure to set forth any facts in support of his claims and failure to link actions or omissions of the named defendants to the alleged violation of Plaintiff's rights.  The Court THEREFORE RECOMMENDS that this action be dismissed, with prejudice, for failure to state any claims upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///

///

///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**   <u>**April 24, 2008**</u>        <u>_____ **/s/ Gary S. Austin**_____</u>
                                                           UNITED STATES MAGISTRATE JUDGE